# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| JACOB PARKER RENOUARD, | Case No. 25-CV-1569 (ECT/JFD) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| B. EISCHEN<br>*FPC-Duluth Warden*, | |
| Respondent. | |

This matter is before the Court on Mr. Jacob Renouard's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet. at 1, Dkt. No. 1.) The case has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. Because Mr. Renouard is no longer in the custody of the Bureau of Prisons ("BOP") the Court recommends denying his petition as moot.

In his petition, Mr. Renouard claims that the BOP failed to apply the correct number of First Step Act time credits to his sentence because it excluded periods of time between his sentencing date and arrival at his designated institution during which he was transferred between BOP institutions. (Pet. at 1-2.) If these periods of time were credited, Mr. Renouard argues, he would be eligible to have 82 days applied to his statutory sentence as FTCs (*Id.* at 1.)

Mr. Renouard filed this habeas petition on April 10, 2025. (Pet. at 7.) His petition was received by the Court on April 17, 2025. (*Id.* at 1.) Respondent filed his response on

May 22, 2025. (Resp't's Mem. at 32, Dkt. No. 6.) By then, Mr. Renouard's projected release date had been moved to November 7, 2025, based on his continued accrual of time credits. (*Id.* at 2.) On February 17, 2026, Respondent submitted a Declaration (Dkt. No. 11) confirming that Mr. Renouard was released from BOP's custody on August 25, 2025, pursuant to the First Step Act. (*Id*. at ¶ 4.)

Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing "cases" and "controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (quoting *Haden*, 212 F.3d at 469). When a case becomes moot, a federal court cannot "address the merits because any opinion [the court] would issue would be merely advisory." *In re Search Warrants Issued in Connection with Investigation of S. Cent. Career Ctr.*, 487 F.3d 1190, 1192 (8th Cir. 2007).

Mr. Renouard's petition became moot when he was released from BOP's custody on August 25, 2025 because, upon his release, the Court could no longer grant the relief he sought. *See Ali*, 419 F.3d at 723. Additionally, no exceptions to mootness apply here. Mr. Renouard has no cognizable collateral injury. *See Scheper v. Rios*, No. 19-CV-402 (MJD/ECW), 2020 WL 4060729, at *3 (D. Minn. June 5, 2020) (concluding that there were no collateral consequences when the petitioner was "not transferred to home

2

confinement as quickly as he thought he should have been"), *report and recommendation adopted*, 2020 WL 4059875 (D. Minn. July 20, 2020). Mr. Renouard will not be incarcerated again for the same conduct, so this is also not a matter that is capable of repetition yet evading review. *See Morrow v. Eischen*, 23-cv-2137 (JMB/DTS), 2024 WL 1939196, at *2 (D. Minn. Apr. 8, 2024), *report and recommendation adopted*, 2024 WL 1932537 (D. Minn. May 1, 2024). If Mr. Renouard returns to custody, "it would be under a different set of facts than those giving rise to his original petition." *Id.* Because this matter is moot, the Court no longer has subject matter jurisdiction to decide the merits of the case.

## RECOMMENDATION

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** THAT:

1. Mr. Renouard's petition be **DENIED** as moot; and

2. The action be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Date: February 20, 2025

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.

3

A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).